# SUPREME JUDICIAL COURT,

FOR THE

## MIDDLE DISTRICT.

## 1859.

## COUNTY OF SOMERSET.

MOSES FOSS *versus* HENRY H. EDWARDS *and another.*

The record of a subordinate tribunal, is not conclusive as to its jurisdiction; but, the jurisdiction being established, the statements in the record, touching matters legitimately before the tribunal, are conclusive.

In poor debtors' disclosures, each party is entitled to a reasonable time for selecting one of the justices; and the whole of the hour named in the citation is a reasonable time therefor.

Where the oath was administered to a poor debtor, by magistrates not incapacitated by interest, relationship or otherwise, and the case is within their general jurisdiction as justices of the peace and quorum, although their action was premature and void, the damages in an action on the bond are to be assessed by a jury, under statute of 1856, c. 263, § 2, R. S., c. 113, § 48.

ON REPORT of the evidence by TENNEY, C. J.

DEBT on poor debtor's bond, dated April 3, 1856. Plea, general issue, with a brief statement alleging performance of the first alternative condition named in the bond.

In March, 1856, Foss recovered judgment against Edwards for $102,50, debt, and $10,26, costs. An execution was issued, and Edwards, on being arrested, gave a poor debtor's bond, with W. Flowers as surety. In April, 1856, Edwards caused a citation to be served upon Foss, fixing upon August

16, 1856, at ten o'clock in the forenoon, at C. P. Brown's office in Bangor, as the time and place for him to make disclosure and take the poor debtor's oath, if allowed by the justices.

On the day appointed, Edwards attended at the place named, with A. L. Simpson, a justice of the peace and quorum for the county of Penobscot, selected by him as one of the magistrates to hear his disclosure. The creditor not appearing at the hour, T. W. Porter, likewise a justice of the peace and quorum, was selected by A. H. Bicknell, a deputy sheriff for the same county, as the other magistrate. The two magistrates examined the debtor, administered the oath, and discharged him at about fifteen minutes past ten o'clock.

At about half past ten o'clock, D. D. Stewart, counsel for the creditor, appeared at Brown's office for the purpose of selecting one of the justices to hear the disclosure of the debtor. He found the office locked, and went to a neighboring office, where he met B. H. Mace, who declared himself to be a justice of the peace and quorum for the county; and Stewart, in behalf of the creditor, selected Mace to act as one of the magistrates. He called repeatedly at Brown's office before eleven o'clock, finding it locked each time. Mace remained in a neighboring office ready to act, until a quarter past eleven o'clock. Subsequently Stewart saw Edwards, and told him the purpose for which he came. Edwards stated that he had already disclosed and taken the oath, and refused to do any thing further.

There was evidence tending to show that Edwards was possessed of little or no property; also evidence tending to prove a custom to wait the hour, in cases of disclosure, for the adverse party to appear and act.

Copies of the bond, citation and discharge were in evidence; also a certificate signed by the officer, Bicknell, that the creditor "neglecting and *refusing* to appear" at the time and place named, he had appointed T. W. Porter, &c. The case was taken from the jury, and submitted to the whole Court, a nonsuit to be entered, or judgment for the plaintiff

for the debt, costs and interest, or damages for the plaintiff to be assessed by a jury, as the Court shall determine the law to be, on the evidence reported, so far as legally admissible.

*D. D. Stewart*, for the plaintiff.

· The creditor is entitled to the full hour after the time fixed in the citation, to appear and hear the debtor's disclosure. It is a right given by custom, and by a practical construction of the law. Any other construction would render the law of disclosure valueless to a creditor who has a dishonest debtor. The case is analogous to that of a defendant summoned to appear before a justice of the peace. The language of the statute is the same, and so is the reason of the thing. *Blanchard* v. *Walker*, 4 Cush., 455. This Court has already decided the precise question raised in this case. *Perley* v. *Jewell*, 26 Maine, 104. So has the Court in Massachusetts. *Hobbs* v. *Fogg*, 6 Gray, 251.

The return made by the officer, Bicknell, on the citation, was made without any legal authority. It was not in his hands a returnable process, and contained no command or direction to him to make a return. His return was unofficial, and of no legal validity. *Davis* v. *Clements*, 2 N. H., 390; *Hathaway* v. *Goodrich*, 5 Verm., 65; Phil. on Ev., ed. 1849, Cowen & Hill's notes, part 2, 794. But if otherwise, the return only means that up to that time, ten o'clock, the creditor had not appeared. The remaining question relates to damages. The debtor having "failed to fulfil the condition of his bond," in the language of R. S., c. 113, § 38, the plaintiff should recover his whole debt. By statute 1856, c. 263, § 2, the damages are to be assessed by a jury, when prior to breach of any condition of the bond, the principal therein has legally notified the creditor, and has been allowed by two justices of the peace and quorum of the county where the arrest was made, *having jurisdiction* and legally competent to act in the matter, to take the oath, &c. The creditor was entitled to the hour; and the debtor had no more right

to procure the organization of a court, and the justices had no more authority to hear his disclosure, during that hour, in the absence of the creditor, than at eight or nine o'clock. Hence, they had no jurisdiction, and were not "legally competent to act in the matter," and all their proceedings were void. *Hobbs* v. *Fogg*, before cited.

*C. P. Brown*, for the defendants.

The defendant Edwards has fully complied with the conditions of the bond, as shown by certified copies of the application, citation and return, return of the officer who selected the second justice, record of the justices and discharge of the debtor. This proof is all legal and admissible, and conclusive upon the parties and upon the Court. It is not pretended that the proceedings were not all in good faith. Fraud is to be proved, and never presumed.

The return of Bicknell of his selection of the second justice is of the same binding force as an officer's return on a writ, as between the parties. If false, the plaintiff has his remedy against the sheriff. The duty was imposed upon him by law to select the justice, and, consequently, to make return of his doings. With this return, the case is stronger than any heretofore decided by our Courts. But, without this return, the case is clear for the defendants, both upon principle and authority.

As to the inadmissibility of parol evidence to contradict or vary a record, the counsel cited *Moore* v. *Newfield*, 4 Greenl., 44; 2 Starkie on Ev., 1042; Chitty's Plead., 354.

The judgment of a justice, within his jurisdiction, although erroneous, is conclusive, until reversed. *Boynton* v. *Fly*, 3 Fairf., 17; *Bannister* v. *Higginson*, 15 Maine, 73; *Smith* v. *Keen*, 26 Maine, 411. The record cannot be contradicted, even by the deposition of the justices. *Paul* v. *Hussey*, 35 Maine, 97. Or by other testimony. *King* v. *Robinson*, 33 Maine, 114; *Dolloff* v. *Hartwell*, 38 Maine, 54; *Holden* v. *Barrows*, 39 Maine, 135; *Pike* v. *Herriman*, 39 Maine, 52. The principle is applicable to poor debtors' disclosures, unless

presented to the Court on an agreed statement of facts. *Hanson* v. *Dyer*, 17 Maine, 96; *Clement* v. *Wyman*, 31 Maine, 50; *Baldwin* v. *Merrill*, 44 Maine, 55. The record of the justices is conclusive. *Agry* v. *Betts*, 3 Fairf., 417.

A court may be organized at the hour. *In matter of Pulver*, 6 Wend., 632. The justice selected by the plaintiff is to attend at the time and place appointed. *Burnham* v. *Howe*, 23 Maine, 494.

The case of *Perley* v. *Jewell*, 26 Maine, 101, relied on by the plaintiff, was submitted on an *agreed statement* of facts. In the case at bar, the parties are here on their strict legal rights. In all the decided cases, the Court has held that this makes a material difference.

The testimony as to a custom of waiting the hour is objectionable and inconclusive.

If there is any defect in the proceedings, the question of damages should go to a jury under the statute.

*Stewart*, in reply, cited *Williams* v. *Burrill*, 23 Maine, 144, to the point that the jurisdiction of justices cannot be conclusively established by their own records.

The opinion of the Court was drawn up by

RICE, J.—This case presents the question whether it was competent for a debtor, who has given a poor debtor's relief bond, and has cited his creditor to hear his disclosure on a particular day and hour, to proceed and organize a Court for that purpose by appointing one magistrate, and causing an officer to appoint another, in the absence and without the consent of the creditor, before the hour at which the creditor had been cited to appear had expired; and, further, if such procedure should be deemed irregular and unauthorized, whether the fact of such organization can be shown by evidence other than the record of the magistrates who compose the Court, and in opposition to the recitals in their record.

Though nothing is to be presumed in favor of the jurisdiction of justices of the peace, and other subordinate tribunals,

yet, when their proceedings show upon their face that they have jurisdiction, a *prima facie* case of jurisdiction is established. But the records of such subordinate tribunals are not conclusive upon this point. *Williams* v. *Burrill*, 23 Maine, 144. When, however, the jurisdiction of such tribunals is fully made to appear, the recitals in their records touching any matters legitimately before them are conclusive. *Paul* v. *Hussey*, 35 Maine, 97.

The main question here presented is one of jurisdiction. Was the Court before which the principal defendant disclosed legally organized? The evidence introduced, and for that purpose rightfully, shows that the plaintiff,.by his attorney, was present at the place appointed to hear the debtor's disclosure at or near half past ten o'clock on the day appointed, the hour indicated for that purpose in the citation being ten in the forenoon, with the intention to appoint one of the magistrates to hear the debtor disclose. The evidence also discloses that prior to the appearance of the plaintiff's attorney, but after ten o'clock, the principal defendant had appeared at the same place and selected one justice, and had caused an officer to select a second, and, before the two justices thus selected, had made a disclosure, and by them had been admitted to take the oath prescribed by the statute for the relief of poor debtors. This proceeding, it is contended, was premature on the part of the defendant, and, therefore, unavailing to save a breach of the bond.

It was held by this Court in *Perley* v. *Jewett*, 26 Maine, 101, that a justices' court organized at the instance of the debtor, after the expiration of the hour named in the citation, had jurisdiction of the subject matter, and that a discharge given to the debtor by that court was valid, it appearing to the satisfaction of the Court, in that case, that the debtor was present at the time, and ready to proceed by the selection of one justice within the hour named in the citation; but, the creditor not appearing, the other justice was selected by the officer, without unreasonable delay, after the hour had

expired.   This decision, manifestly, rested upon the ground that each party was entitled to a reasonable time within which to exercise the right of selecting one of the magistrates, and that the whole of the hour named in the citation was a reasonable time for that purpose.

In the case of *Hobbs* v. *Fogg*, 6 Gray, 251, the facts agreed were similar in all material points to the facts as we find them from the evidence in this case.   In that case the debtor cited the plaintiff to appear at two o'clock; and he appeared at half past two, for the purpose of hearing the disclosure, but, before that time, a court had been organized by the debtor, and he had disclosed and been discharged.   The Court held this action to be premature, and that the debtor was not legally discharged.

The case at bar falls within the principle of the two cases last cited, which seem to rest on sound reasons, and are in conformity with what is believed to be general usage in analogous cases.

While, on one hand, it would be inconsistent with sound policy, by an over strict and rigidly technical construction, to involve the debtor in a forfeiture, when he had acted in good faith and with reasonable diligence; so, too, on the other hand, as the statute has been made for his protection, such a construction should not be given to it as would enable him to avoid a full examination by the creditor, and an honest and particular disclosure of the condition of his property, and his ability to pay.   The rule must be reciprocal, and should be such as not to permit either party to obtain a snap judgment against the other.

On the question of damages, the case falls within the provisions of § 2, c. 263, Laws of 1856, R. S., c. 113, § 48, and the amount to be assessed is the real and actual damage. The magistrates selected were legally competent to act in the case; that is, they do not appear to have been incapacitated by reason of interest, relationship or otherwise, and the case falls within their general jurisdiction as justices of the peace and quorum for the county.   In other words, had the justices

been properly selected, there could have been no objection to them, on the ground that the case was not within their general jurisdiction as magistrates for the county, nor that they were under personal disabilities which would prevent their acting in the premises.

According to the provisions of the report, the damages are to be assessed by a jury, and, for that purpose,—

*The case will stand for trial.*

TENNEY, C. J., and APPLETON, MAY, and GOODENOW, JJ., concurred.